IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BAYER HEALTHCARE LLC,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **MERIAL LLC,** ) <br> ) <br> ) <br> **Defendant.** ) <br> ) | **CIVIL ACTION** <br><br> **No. 06-2344-CM** |

## MEMORANDUM AND ORDER

This case involves an advertising dispute concerning competing products used to control fleas and ticks in dogs and cats—Bayer sells "K9 ADVANTIX®" and Merial sells "FRONTLINE Plus®." Bayer brings the following claims against Merial: (1) false and misleading advertising under the Lanham Act, 15 U.S.C. § 1125(a); (2) violation of the Kansas Food, Drug and Cosmetics Act, Kan. Stat. Ann. § 65-672; (3) violation of the Georgia Deceptive Trade Practices Act; and (4) unfair competition under common law. Merial counterclaimed asserting that Bayer has engaged in false advertising in violation of the Lanham Act, violated the Kansas Food, Drug and Cosmetics Act, and engaged in unfair competition.

On September 28, 2006, Bayer filed a Motion for Temporary Restraining Order (Doc. 13). On October 4, 2006, the court heard and denied the motion, but set a preliminary injunction hearing for March 26–28, 2007. On February 27, 2007, Merial filed its own motion for a preliminary injunction (Doc. 114) asserting that certain statements touting the superiority of K9 ADVANTIX® over FRONTLINE Plus® constitute false advertising by Bayer. On March 8, 2007, Merial filed a

motion for an expedited hearing on its preliminary hearing motion (Doc. 149), requesting the court to hear Merial's motion for a preliminary injunction at the same time that it hears Bayer's motion for a preliminary injunction. Bayer opposes consolidating the preliminary injunction hearings, arguing that (1) it needs to conduct discovery to be able to adequately prepare for a hearing on Merial's motion and (2) there will not be enough time at the March 26–28, 2007 hearing to hear both motions. Because of Bayer's opposition, Merial has indicated that it will wait for a hearing on its preliminary injunction motion and, instead, file a motion for a temporary restraining order. Merial requests that the court set a hearing on the temporary restraining order motion at its earliest opportunity, preferably during or immediately after the March 26–28, 2007 hearing.

After reviewing the record and the parties' arguments, the court finds that it is in the best interest of the parties to conduct separate preliminary injunction hearings and to allow discovery before the hearing on Merial's motion for preliminary injunction. Merial's motion for an expedited hearing is therefore denied, however, the court will hear argument on Merial's motion for a temporary restraining order immediately following the March 26–28, 2007 hearing.

**IT IS THEREFORE ORDERED** that Defendant Merial LLC's Motion for Expedited Hearing and Memorandum of Law in Support Thereof (doc. 149) is denied.

**IT IS FURTHER ORDERED** that a hearing on defendant's motion for a temporary restraining order is set for March 28, 2007 at 2:00 p.m. Each side will be allowed to present 30 minutes of oral argument. Defendant shall file its motion for a temporary restraining order by March 16, 2007. Plaintiff shall file its response by March 20, 2007. Defendant shall file its Reply by March 21, 2007.

**IT IS FURTHER ORDERED** that a status conference will be set before Magistrate Judge

-3-

James P. O'Hara regarding scheduling of discovery for defendant's motion for preliminary injunction.

Dated this 14th day of March, 2007, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**